## WOLF v. CHANDLER ET AL.

1. **Fraudulent Conveyance:** EVIDENCE: BURDEN OF POOF. The party alleging, that a certain conveyance to the wife of a debtor was fraudulent, has the burden of proving the fraud. Evidence considered and held insufficient to establish the fact of fraud.

*Appeal from Freemont Circuit Court.*

FRIDAY, JUNE 9.

THE plaintiff alleges that she is the owner of certain lots in the city of Hamburg, and that the defendant Samuel Chandler, as sheriff, has levied upon them as the property of J. J. Wolf, under an execution in favor of Kate E. Buckham against J. J. Wolf. The plaintiff prays that Chandler be restrained from selling the property and that the judgment of Kate E. Buckham be decreed no lien thereon. The defend-

ants allege that the property in question was purchased by J. J. Wolf, but with fraudulent intent of avoiding any judgment which might be entered against him under the provisions of sections 1557 and 1558 of the Code, he procured the conveyance to be made to the plaintiff, his wife. The cause was tried to the court, and a decree was enterd for the plaintiff as prayed. The defendants appeal.

*Dalbey & Holmes*, for the appellants.

*Wynn & Wynn*, for the appellee.

DAY, J.—The lots in controversy were purchased and deeded to the plaintiff in August 1878. Kate E. Buckham recovered a judgment for $3000, against J. J. Wolf, for selling intoxicating liquors to her husband, causing his death. The abstract does not show the date of the judgment, nor

1. FRAUDU-LENT convey-ance : evi-dence : burden of proof.

of the commencement of the action, but it does show that the action was commenced subsequently to May 29th, 1879, and hence, at the least, nine months after the conveyance to plaintiff. The evidence does not show when the cause of action in favor of Kate E. Buckham, for selling liquor to her husband, arose. The defendants rely mainly upon the testimony of the plaintiff. and her husband to establish fraud in the conveyance to plaintiff. These both testify that the property in question was purchased with money of the plaintiff, which she earned in the millinery business, and by tailoring and dress-making. The defendants allege that the conveyance is fraudulent, and upon them is the burden of proving it. It may be that J. J. Wolf placed this property in the name of his wife, so that it could not be reached upon judgments which might be recovered against him for the unlawful sale of intoxicating liquors, but we feel constrained to hold, upon the testimony submitted in the abstract, that the defendants have not established that fact.

AFFIRMED.