GILEAD P. CHENEY, APPELLANT, V. WILLIAM L. DUNLAP ET AL., APPELLEES.

1. The Evidence before the district court *Held* insufficient to sustain its finding and judgment.

2. Evidence: EXPERT TESTIMONY. The age or date of the actual execution of a written paper *Held*, Not to be a question of science, skill, or trade, nor one of the like kind upon which a witness may testify and give his opinion as an expert upon its mere inspection.

APPEAL from the district court of Johnson county. Heard below before BROADY, J.

*B. F. Perkins* and *L. W. Colby*, for appellant.

*S. P. Davidson*, for appellees.

COBB, J.

This case differs but in one respect from that of *Cheney v. Janssen, ante* p. 128.

Upon the trial, as appears by the bill of exceptions, it was admitted by the plaintiff that the notes and mortgage sued on are based upon an usurious loan of money, etc. The plaintiff offered "in evidence the notes and mortgage sued on in this case. * * * Plaintiff offers in evidence the endorsement on the backs of the three notes, and makes it a special offer for the purpose of showing whether the signatures were recently made or not. Objected to as immaterial, irrelevant, and incompetent. Objection overruled. Defendant excepts." Then comes the following entry: "It is admitted that these are the notes and mortgage sued on, and that the signatures are genuine, and that the notes and mortgage were signed by the parties purporting to sign them, and were endorsed by P. D. Cheney." Thereupon the plaintiff rested his case, and the defendant offered in evidence the deposition of J. J. Kelly and R. C. Outcalt, as follows:

(*a*)  Deposition of Joseph J. Kelly : Have followed business of banking about fifteen years; am with Lincoln National Bank at present; formerly resided in Clinton, Illinois, for twenty-five years; was there several years clerk of the Circuit Court and several years cashier of DeWitt County Bank.

Q.  State whether during your business or professional life it has been your business to examine signatures on documents and compare different styles of handwriting and signatures with reference to the age of the writing?

A.  Such has been my experience to a considerable degree.

Q.  I will now ask you to look at these papers (handing witness three notes attached to the petition in this case) and examine them particularly with reference to signature en-

dorsed on the back of the notes, P. D. Cheney, and state whether in your opinion that signature was recently made

A. In my opinion the endorsement on the back of the notes has been made recently.

Q. State within how short a time would you say in your opinion that name has been endorsed upon these notes.

A. I could not name any specific time, but would say within a few months as my judgment.

Q. Would you say in your judgment this signature was made within the last year?

A. I would.

Q. You base your judgment upon the general knowledge you have of handwriting and examining documents and signatures upon the same, do you?

A. My answer is upon the general knowledge I have of writing and the general appearance of this signature, which indicates to my mind a recent transaction.

JOS. J. KELLY.

(b) Deposition of R. C. Outcalt: Am cashier of the Capital National Bank, Lincoln; been in this business sixteen years; it has been during my professional or business life my duty to compare signatures and examine writings with reference to their genuineness, and with reference to their comparison with other writing.

Q. I will ask you to look at three notes I now hand you (handing witness the three notes attached to the petition in this case), and ask you to examine them with reference to the signature of P. D. Cheney endorsed on the back of them and state whether in your opinion that signature was recently made or not.

A. I think it was recently made.

Q. State whether in your opinion the signature of P. D. Cheney was endorsed on these notes within the last year or not.

A. I think it was.

R. C. OUTCALT.

The findings and judgment of the court were for the defendant, and the plaintiff brings the cause to this court by appeal.

Numerous errors are assigned, but it is not deemed necessary to set them out in detail.

While it is probable that the controlling reason for the judgment was that in the opinion of the trial court the notes were barred by the statute of limitations following the judgment of the same court in *Cheney v. Woodruff, sup.*, yet the court may have been controlled by the evidence contained in the depositions of J. J. Kelley and R. C. Outcalt above set forth, and such possibility seems to render it necessary that we examine to some extent the question raised by the objection of the plaintiff to the admission of said depositions.

The supreme court of New Hampshire, in the case of *Jones v. Tucker*, 41 N. H., 546, say: "The rule determining the subjects upon which experts may testify, and the rule prescribing the qualifications of experts, are matters of law; but whether a witness offered as an expert has these qualifications is a question of fact to be decided by the court at the trial."

The case at bar was tried to the court without the intervention of a jury. It has been often decided by this court upon unquestioned authority that in cases so tried no question of error for the admission of evidence could arise. This case may then be disposed of upon the fourth assignment of error, to-wit: that the court erred in finding for the defendant.

The question upon which the decision of the case seems to have turned in the mind of the trial court was, whether the notes in question were endorsed by the payee before maturity. If they were, then the defense of usury was unavailable against the plaintiff; otherwise, if they were endorsed after maturity. The notes come to maturity respectively August 27, 1875, August 27, 1876, and Aug-

ust 27, 1877. The depositions above referred to were taken on the 5th day of October, 1885.

The only evidence before the court which in any way tended to contradict the testimony of the plaintiff that the notes were endorsed before maturity, was the said depositions.

Greenleaf thus states the law : " On questions of science, skill, or trade, or others of the like kind, persons of skill, sometimes called *experts*, may not only testify to facts, but are permitted to give their opinions in evidence." 1 Greenlf. Ev., § 440.

Having examined the books as thoroughly as the time at my disposal will permit, and failing to find any case involving facts similar to those of this case, and none being cited by counsel, the question of the sufficiency of the evidence to sustain the finding and judgment must be determined in the main by original consideration. I have found two cases, however, which will be cited as worthy of some consideration in support of the conclusion to which I have arrived.

The case of *Clark v. Bruce*, 12 Hun., 271, was brought upon three promissory notes. The statute of limitations was set up as a defense. The plaintiff relied upon certain partial payments endorsed thereon. Stephen Lockwood was called as a witness by the defendant, and testified " that he was, and had been, an attorney for over twenty years; that in his business he had had occasion to examine old and new writings, and to examine when they were claimed not to be genuine, and that he had examined the notes in suit, and the endorsements on them of 13th June, 1858, and 3d January, 1862." He was then asked: " In your opinion, were the endorsements of June 13th upon those notes written as long ago as they bear date ? " He was also asked : " Are the endorsements of 13th June, 1858, and 3d January, 1862, written with the same pen and ink ? " The defendant also offered to show by the witness

that each of the endorsements, in the opinion of the witness, "was written at a more recent time than its date, and that they were all written within two years past, judging from the appearance of the writing and ink." Upon objection the evidence was rejected. There was a judgment for the plaintiff. Upon appeal the supreme court say: "The questions and offer called for the opinion of the witness. He was not asked to state facts, to describe the appearance of the endorsements in any respect, but to give an opinion as to the time when the endorsements were made, based upon the appearance of the writing and the ink. What was the appearance of the writing and the ink does not appear by the evidence. We don't think the witness had shown himself to be an expert on that subject. To judge of the genuineness of hand-writing, that is, to judge whether it was written by the person whose hand-writing it purports to be, is one thing; to determine its age from its appearance it quite another. The witness may have had occasion to pass upon the genuineness of many writings, old and new, and yet never have been called on to form an opinion from the appearance of hand-writing, as to whether or not it was written at the time it bore date. *. * * We think the objection was properly sustained."

The other case is that of *Ellinwood v. Bragg*, 52 New Hampshire, 490. I will quote only a part of the syllabus. "Upon the question whether a long account upon a party's books was written at different times, as purported to be, or whether it was all written with the same pen and ink, and at the same time, a witness testified that he had been in practice as a lawyer some forty years, and had about the same experience as lawyers in general in the examination and comparison of hand-writings; that he had been engaged in one or two cases which led him particularly to examine and compare hand-writing, but he did not claim to be able to give an opinion upon which any great reliance could be

placed ; *Held,* That the admission of the witness to testify as an expert was erroneous." A new trial was granted.

Whatever reading, examination, and reflection I have been able to give to the case, has led me to the conclusion that it does not present a question of science, skill, or trade, nor one of a like kind. In other words, I do not think that any amount of science, study, or skill would enable a person by mere inspection, to judge or testify of the age of hand-writing with that accuracy necessary to its value or safety in judicial proceedings. The appearance of a written paper, some years, or even months old, will depend greatly upon the color, kind, and quality of the ink used, and greatly upon the receptacle or place where the paper has been kept, whether excluded from the air or sunshine, whether in a dry or damp, hot or cool place, and other conditions, the knowledge of which must be derived from sources other than inspection. Again, there is no recognized science or trade in which it can be said to be necessary that persons engaged in it should be skilled in detecting the age of writings by inspection. The science of the law, perhaps, comes nearer to it than any other, and the instances in which it becomes necessary or even useful that the legal practitioner should possess such skill are very rare.

I am therefore of the opinion that, whether the depositions were admissible or not, they do not contain sufficient evidence to sustain the finding and judgment of the trial court.

The judgment of the district court is therefore reversed, and a judgment for the plaintiff will be rendered in this court foreclosing the mortgage, and for the amount of the principal and interest called for by the notes, and an attorney fee of ten dollars, as provided for in the mortgage, and costs in both courts.

JUDGMENT ACCORDINGLY.

THE other judges concur.