## ALLEN v. WEGSTEIN ET AL.

1. **Fraudulent Conveyance:** EVIDENCE: BURDEN OF PROOF. Where plaintiff attached defendant's title to real estate on the ground that she held it in trust for her husband, for the purpose of defrauding his creditors, it was incumbent on plaintiff to establish her claim by a preponderance of the evidence ; and so, where she relied wholly on the testimony of the defendant herself, she could not recover on the ground that defendant's story, as to how she paid for the property with her own money, was so improbable as to be unworthy of belief ; for, if her testimony should be disregarded, plaintiff would have no evidence whatever, in a case where she had the burden of proof.

*Appeal from Grundy Circuit Court.*

WEDNESDAY, OCTOBER 20.

THE defendants are husband and wife, and this action was brought to subject certain real estate which was conveyed to Mrs. Wegstein, to the payment of a judgment recovered by the plaintiff against her husband, Henry Wegstein. There was a judgment for the defendants, and the plaintiff appeals.

*Struble, Kinne & Stiger*, for appellant.

*Boies, Husted & Boies*, for appellees.

SEEVERS, J.—On the twenty-sixth day of April, 1877, the plaintiff recovered a judgment in the circuit court of Iowa county against the defendant, Henry Wegstein, a transcript of which was filed in Grundy county in July thereafter. In May, 1877, one Tompkins conveyed a portion of the real estate in controversy to Mrs. Wegstein, and in 1879 and 1880 he conveyed the other real estate in controversy to her. The

petition states that the conveyances were so made for the purpose of defrauding the creditors of Henry Wegstein, and that the same in fact belongs to him. The defendants deny the fraud, and claim that said real estate was purchased and paid for with money belonging to Mrs. Wegstein. It is provided by statute that a married woman may acquire property by descent, gift, or purchase, and own the same in her own right, in the same manner her husband can, and that she may receive the wages of her personal labor, and hold the same in her own right. Code, §§ 2202, 2203, 2206, 2211. As the conveyances were made to Mrs. Wegstein, and purport that the consideration therefor was paid by her, and as fraud cannot be presumed, the presumption must obtain, in the absence of any evidence to the contrary, that the real estate in controversy belongs to and is the property of Mrs. Wegstein. The burden of proof is therefore on the plaintiff to show that it belonged to Henry Wegstein. In other words, the plaintiff must establish the fraud pleaded, before she can have the conveyances set aside, and subject the property to the payment of her judgment. *Wolf v. Chandler*, 58 Iowa, 569; *Stephenson v. Cook*, 64 Id., 265.

For the purpose of establishing the fraud, the plaintiff introduced as a witness Mrs. Wegstein, and it is now claimed that the story told by her, that she inherited $1,000 in Germany, which she brought to this country with her, with which the real estate in controversy was paid for, is so improbable as to render her evidence unworthy of belief; that, therefore, the conveyances must be set aside as fraudulent. But, as there is no other evidence introduced by the plaintiff showing the fraud, other than that of Mrs. Wegstein, it follows, if her evidence is disbelieved, that the fraud has not been established; and, the burden being on the plaintiff, she necessarily is not entitled to the relief asked. If full credit is given to the evidence of Mrs. Wegstein, then it is conceded by counsel that the conveyances are not fraudulent. The evidence of Mrs. Wegstein is, to some extent,

corroborated, and, as to the material portions thereof, other than that in reference to the $1,000, we are not prepared to say that it is so improbable as to be unworthy of belief. On the contrary we are not prepared to reject it. The plaintiff has, we think, failed to establish that the real estate was not purchased and paid for with money belonging to Mrs. Wegstein.

The plaintiff claims that, conceding that Mrs. Wegstein purchased and paid for the property first conveyed to her, she has failed to show how she obtained the money to pay for the property subsequently conveyed. Here, again, the plaintiff relied exclusively on the evidence of Mrs. Wegstein and Henry Wegstein, who were introduced as witnesses by the defendants. If this evidence is disbelieved, there is no sufficient evidence of fraud, and, if it is believed, then there is no fraud, and in either event the plaintiff has failed to establish fraud, and therefore is not entitled to the relief demanded.

AFFIRMED.