EISFIELD & Co. v. DILL ET AL.

DILL v. SCHOENEMAN BROS. & Co. ET AL.

1. **Fraudulent Conveyance**: BURDEN OF PROOF: EVIDENCE. Where
conveyances of property purport to have been made for a sufficient con-
sideration, the burden is on creditors seeking to subject the property to
the payment of their claims to show a want of consideration; (*Wolf
v. Chandler*, 58 Iowa, 569; *Allen v. Wegstein*, 69 Id., 593;) but it is
wholly immaterial whether the evidence is introduced by the plaintiff
or the defendant. Accordingly, where the conveyances were made by a
husband to his wife at a time when he was likely to be called on to pay
debts as surety for a son, and the wife, to show the consideration for
the transfers to her, introduced a written contract, signed by herself and
her husband, and which bore date of thirty years previous, at which
time they both testified it was executed; which contract was an agree-
ment on the part of the wife to furnish the husband with certain money,
and an agreement on his part to repay it, which money, so furnished,
they testified was the consideration of the conveyances; but the paper
appeared on its face to have been recently written, and experts testified
that it had been recently written, *held* that the conveyances were prop-
erly set aside as being without consideration and in fraud of creditors.

2. **Evidence**: AGE OF WRITING: EXPERTS: QUALIFICATION. A county
auditor, a teacher of penmanship, and attorneys at law, all of whom
stated that they were familiar with old papers and writings, and thought
they were able to give an opinion on the age of the writing in question,
were properly allowed to testify as experts in relation thereto.

*Appeal from Louisa Circuit Court.*

WEDNESDAY, MARCH 16.

THESE are equitable actions, and involve the validity of a
conveyance of a farm of 160 acres, and a chattel mortgage
upon the personal property upon 'the farm. Charlotte Dill,
the plaintiff in one action and a defendant in the other, is
the wife of David W. Dill. Eisfield and Schoeneman Bros
& Co. are creditors of David W. Dill. The conveyance of
the farm and the chattel mortgage were executed by David
W. Dill to Charlotte Dill. The creditors claim that said
instruments are void as to them, because they were made and
executed in fraud of their rights as creditors of David W

Dill. There was a trial upon this issue, and a decree declaring the deed and chattel mortgage to be void as to the creditors. Charlotte Dill appeals.

*Basset & Wharton* and *Hurley & Hale*, for appellant.

*Newman & Blake* and *Poor & Baldwin*, for appellees.

ROTHROCK, J.—It appears from the evidence that Charlotte Dill and her husband, David W. Dill, are past sixty years of age. They were married prior to 1856, and resided in the city of Philadelphia. They removed to this state some thirty years ago, and have been living on the farm in question for more than twenty years. The title to the farm was in the husband. One of their sons embarked in the mercantile business, and after a time it became necessary for his father to become security for him upon certain promissory notes given to the creditors of the son. It became apparent that the father would be compelled to pay the security debts. Thereupon the conveyance of the farm, and all the personal property, except such as was exempt from execution, was made to Charlotte Dill. It was therefore a material question in the case whether the transfers were founded upon a sufficient consideration. The evidence upon this vital question consisted in part of a written agreement between the husband and wife, of which the following is a copy:

"Contract of agreement, made and entered into by and between Charlotte Dill, party of the first part, and David W. Dill, party of the second part, all of Philadelphia, Pa., witnesseth, that said party of the first part agrees to furnish to the said party of the second part the sum of six hundred dollars; said party of the second part agreeing to return to the said party of the first part, her heirs or assigns, the said six hundred dollars, together with five hundred dollars borrowed at a previous date, all of which is to bear interest at the rate of eight per cent per annum; money payable on

1. FRAUDULENT conveyance: burden of proof: evidence.

demand; said money to bear interest from this twenty-fifth day of December, 1856. In witness whereof we have set our hands the day and year above mentioned.

her<br>
"CHARLOTTE X DILL.<br>
mark.<br>
DAVID W. DILL.

Appellant claims that this contract was written and signed in the city of Philadelphia, in the year 1856, and she and her husband so testified as witnesses upon the trial. The creditors claimed that the contract was written and signed quite recently, and relied for proof thereof upon the appearance of the paper itself, and the testimony of several experts who united in the opinion that the instrument could not have been written thirty years ago, and that it was written very recently. The original paper was examined by the court, and the learned judge reached the conclusion that the writing was of recent origin; and, this finding being in direct conflict with the claim founded upon the writing, a decree was entered against appellant.

The original instrument has been certified to this court for our examination, and we think that the finding of the circuit court was in accord with the preponderance of the evidence. It is correct, as claimed by counsel for appellant, that, as the transfers show that they were made upon a sufficient consideration, the burden is on the creditors to show that the conveyances of the property were void for fraud. *Wolf v. Chandler*, 58 Iowa, 569; *Allen v. Wegstein*, 69 Id., 598. But it is wholly immaterial whether the evidence to establish the fraud is introduced by the plaintiff or the defendant.

The written instrument above set out was introduced in evidence by the appellant, and she sought to establish its genuineness by her own testimony and that of her husband. If it appears upon its face, and by the opinion of experts, that it was very recently written and signed, it completely

overthrows, not only the instrument as evidence, but the testimony of the parties to it, and rebuts the presumption that the conveyances were founded upon a sufficient consideration. When taken in connection with the fact that the title to the property was retained by the husband for many years, and until both he and his wife knew that these security debts were being pressed for payment, we can arrive at no other conclusion than that the alleged indebtedness to the wife was an afterthought,—that it was not regarded by the husband and wife as an indebtedness until it became necessary to protect the property against the claims of creditors.

It is insisted that the witnesses who testified that the instrument was of recent origin were not experts, and their **2. EVIDENCE: age of writing: experts: qualification.** opinions on that question were therefore not competent evidence, and we are cited to an article on scientific investigation of handwriting, volume 20, p. 273, of the American Law Register, *People v. Brotherton*, 47 Cal., 388, (395), and other cases, in support of the proposition contended for. We do not discover anything in the authorities cited which would authorize us to disregard the evidence in question. One of the witnesses had been a county auditor; another had been a teacher of penmanship for twenty-five or thirty years; the others were attorneys, one of them of long practice,—and all of these witnesses stated that they were familiar with old papers and writings, and thought they were capable of giving an opinion upon the question. We do not think it was necessary, to qualify a witness to testify upon the question, that he should be a chemist, and have knowledge of the chemical composition of ink. There can be no doubt that the question was one proper for expert evidence. See Lawson, Exp. & Opin. Ev. 418, and notes; *Fulton v. Hood*, 34 Pa. St. 365.

We think the decree of the circuit court must be

AFFIRMED.