# Tally *et als.* Extrs. &c. *v.* Cross.

### *Motion for New Trial.*

1. *Expert witness; what he may state.*—It is competent for a witness as an expert to state that in his opinion two papers were written at the same time.

APPEAL from Jackson Circuit Court.

Tried before Hon. JAS. A. BILBRO.

W. J. Tally and others as executors recovered a judgment against Clark Cross. New trial was granted on the ground that the court committed error in excluding the evidence of an expert witness to the effect that two papers before the court were written at the same time. Plaintiffs appealed from the judgment granting new trial.

J. E. BROWN, for appellant, cited, *Cheney v. Dundas,* 20 Neb. 265; *Lockett v. Spencer,* 29 Barb. 180; *Ellingwood v. Bragg,* 52 N. H. 488; *Phœnix Ins. Co. v. Phillips,* 15 Wend. 81.

MARTIN & BOULDIN, *contra,* cited, *Fulton v. Hood,* 34 Pa. St. 355; *Reese v. Reese,* 90 Pa. St. 89; *Bubois v. Baker,* 40 Barb. 557; *Quinsigamond Bank v. Hobbs,* 11 Gray 250; *Cox v. Dill,* 85 Ind. 344; *Goodyear v. Vasburgh,* 63 Barb. 154; *Glover v. Gentry,* 104 Ala. 222; *Vinton v. Peck,* 14 Mich. 287.

TYSON, J.—The appeal in this case is prosecuted from a judgment granting a new trial. The sole question presented is whether it is competent for a witness as an expert to state that in his opinion two papers were written at the same time. It was on account of the refusal of the trial judge to permit this to be done, that a new trial was granted. If he committed an error in not admitting the testimony offered, then he rightly granted the motion.

[Tally *et als.* Extrs. &c. v. Cross.]

In *Glover v. Gentry,* 104 Ala. 222, this court sustained the ruling of the lower court in permitting a witness to state that in his judgment the words "twelve hundred and" were not written in the same ink that the other portion of the note was written, and cited as authority the case of *Vinton v. Peck,* 14 Mich. 287. The opinion of the court in that case is an extended review of the authorities upon the question and we think the reasons given by the court for admitting such evidence sound and practical.

In *Moore's Admr. v. Crowder,* 72 Ala. 88, it is said: "Any witness who has seen the party write or who knows his handwriting, may express his opinion as to the genuineness of the signature. Of course, the extent of his familiarity with the handwriting, will enter into the weight of his testimony. Experts may go farther: * * they may also give their opinion whether a given writing is genuine or a feigned or forged signature. There are certain other matters pertaining to handwriting, about which they can give their skilled opinions, not necessary to be here considered." See also *Cox v. Dill,* 85 Ind. 344; *Goodyear v. Vosburgh,* 63 Barb. (N. Y.) 154; *Ludlow v. Worshing,* 108 N. Y. 520; *Withee v. Rowe,* 45 Me. 571; *Moody v. Rowell,* 28 Am. Dec. 317.

In 9 Am. & Eng. Ency. Law, 294, the doctrine is stated in the text to be: "An expert may testify as to the characteristics of the handwriting in question; as to whether the writing is natural or feigned, was or was not written at the same time, with the same pen and ink, and by the same person and as to alterations or erasures therein, as to the age of the writing and obscurities therein." See also 1 Wharton on Evidence (2d ed.) § 718; Lawson on Expert and Opinion Evidence, p. 418-419; Rogers on Expert Testimony, p. 183; note on p. 240 of 66 Am. Dec.

It was expressly decided that an expert should be permitted to testify that two papers were written at the same time in the following cases: *Fulton v. Hood,* 30 Pa. St. 365; *Quninsigamond Bank v. Hobbs,* 11 Gray. 250; *Cooper v. Bockett,* 4 Moore P. C. 433; *Dubois v. Baker,* 30 N. Y. 355; *Eisfield v. Dill,* 71 Iowa 442.

Upon principle there is no more reason why an ex-·pert should not be permitted to give his opinion that two papers were written at the same time, than there is in permitting him to express an opinion that the hand-writing was feigned, or written with the same pen and ink.

The only cases cited by appellants' counsel as op-posed to this view are the following: *The Phœnix Fire Ins. Co. v. Phillip,* 13 Wendell, 81; *Sackett v. Spencer,* 29 Barb. (N. Y.) 180; *Ellingwood v. Bragg,* 52 N. H. 488; *Cheney v. Dunlap,* 20 Neb. 265. An examination of the opinions in these cases will show that only two of them support his contention. The case of *Sackett v. Spencer* went off on the point that expert testimony was inadmissible to show that part of an instrument was written over a fold after the document had been folded and soiled, because that was a matter within the com-mon observation of ordinary jurymen. In *Ellingwood v. Bragg* the witness Heywood was asked whether in his opinion certain entries upon an account book were writ-ten with the same pen and ink and at the same time. The court said: "We are not prepared to say that the subject matter of Mr. Heywood's testimony was one upon which the opinion of an expert was inadmissible." The cause was reversed upon the ground that the wit-ness was not shown to be an expert.

The case of the *Phœnix Fire Ins. Co. v. Phillip,* one of the cases supporting appellants' contention was over-ruled in *Miles v. Loomis,* 75 N. Y. 288, and the doctrine as declared in *Dubois v. Baker* (30 N. Y. 355) cited *supra* was expressly reaffirmed.

The other case, *Cheney v. Dunlap* (20 Neb. 265) is opposed to the great weight of authority and opposed to the principles announced by this court in the two cases cited above.

There was no error in granting the motion for a new trial.

Affirmed.