A. P. BURGESS, Appellee, v. BARBARA STINSON et al., Appellants.

*G. F. Buresh,* for appellants.

*Joseph Mekota,* for appellee.

EVANS, J.—On March 4, 1922, Harry R. Stinson was the owner of an undivided one-ninth interest in a farm. This came to him by inheritance from his father. His interest was subject to a life estate in his mother, who was then living. On that date, he conveyed the same to his wife, Barbara Stinson. He was then insolvent. The only consideration specified in the deed was $1.00. In November, 1921, he had incurred the indebtedness which is now represented by plaintiff's judgment. This indebtedness was reduced to judgment in 1923, at which time Harry R. Stinson was still insolvent.

In view of this existing indebtedness of the insolvent husband at the time of his conveyance to his wife, the burden rests upon her to sustain her title, by showing (1) a valuable and fair consideration, or (2) that the husband had sufficient property remaining to pay his then existing debts.

As to the first requisite, the defendant Barbara contends that the deed was executed pursuant to an agreement made in October, 1920, and that consideration therefor existed at that time. It appears from her evidence that at that time she had employed an attorney to prosecute an action of divorce; that her petition had been prepared, and by her signed; that, upon the importunity of her husband, and his offer to convey to her the real estate in question, and her acceptance of such offer, she

dropped the prosecution of her suit, and returned to her home and continued the marital relation; that thereafter, the husband delayed performance of his agreement until March 4, 1922.

Whether the waiver by wife of her asserted right to a divorce from her husband will constitute a valid consideration for a conveyance as against the creditors of the husband is a question argued in the briefs, and one upon which we shall make no pronouncement herein. Whether the compromise of a divorce suit constitutes a good and valid consideration for a deed from one spouse to the other is a question upon which authorities are not in harmony. For conflicting decisions on the subject, see *Duffy v. White*, 115 Mich. 264 (73 N. W. 363), and *Adams v. Adams*, 91 N. Y. 381, 384, for the affirmative; and *Oppenheimer v. Collins*, 115 Wis. 283 (91 N. W. 690), and *Merrill v. Peaslee*, 146 Mass. 460 (16 N. E. 271), for the negative.

Whatever the correct rule, the plaintiff has not brought herself within the operation of the law as set forth in the cases cited by her counsel. Her deed specified no other consideration than  $1.00. She has pleaded no other defense than her denial of any fraud, and perhaps a denial of lack of consideration. She did not plead affirmatively the matters now relied upon by her as a defense. She had not in fact brought an action for divorce. She neither pleaded nor testified to any facts showing that she had a meritorious ground for divorce. Nor does her evidence disclose what her claimed grounds of divorce were. Her evidence simply is to the effect that her husband had wronged her, and she had determined to have a divorce, and that she had engaged counsel for that purpose, and that he had prepared her petition; that she abandoned her proposed suit, and resumed her marital relations. This was in October, 1920. No deed was made at that time. Her husband was solvent then. He was insolvent on March 4, 1922. The court, under such circumstances, might well distrust the credibility of her testimony. The facts testified to by her were of such nature that the plaintiff could not meet them with direct evidence. They challenged the scrutiny of the court. Surely, a deed from an insolvent to his wife is not to be lightly supported by mere contention of a domestic quarrel which was composed by a promise of a deed. In this case, a year and a half elapsed after the event, and before

the alleged performance. We are of opinion, therefore, that the court was justified in failing to find that the deed was executed in fulfillment of the alleged compromise of October, 1920. The burden was upon the defendant at this point.

It does appear from her testimony that, some months after receiving the deed from her husband, she became surety for him to the approximate amount of $180, and that she gave a mort-gage on the property conveyed to her, to secure such debt, and that such debt is still unpaid. This would constitute a consideration *pro tanto*. *Marion County Nat. Bank v. Smith*, 205 Iowa 203. But the amount thereof is quite inadequate to sustain the instrument, except as security for the amount of such consideration.

We do not hold that the wife received her deed with actual intent to defraud, nor even that she knew of her husband's insolvency at the time thereof. We do hold that she has failed to prove other valuable consideration than that involved in her suretyship. To that extent, she is to be protected by the establishment of a lien.

As so modified, the decree of the lower court will be affirmed. —*Modified and affirmed.*

All the justices concur.