JOHN H. DONOVAN, Appellant, v. R. P. WHITE et al., Appellees.

No. 44091.

NOVEMBER 16, 1937.

Will J. Jackson, William R. Hart, and Burke N. Carson, for appellant.

Will J. Hayek, for appellee Bessie K. White.

Messer and Cahill, for appellee R. P. White.

Fred L. Stevens and Arthur O. Leff, for appellees R. P. White and Bessie K. White.

MITCHELL, J.—John H. Donovan, a judgment creditor of R. P. White, commenced this action in equity to set aside two deeds given by R. P. White to his wife, Bessie K. White, on the ground that the transactions were fraudulent and made with the intent to defraud the plaintiff as a creditor of the said White. There was a trial, at which evidence was offered. The lower court denied the relief prayed for and Donovan has appealed.

On the 17th day of March, 1931, R. P. White was the owner of a certain interest in real estate which is described in the petition, and which on that date he transferred to his wife, Bessie K. White, by deed, which instrument was duly filed in the office of the county recorder of Johnson County, Iowa, and recited that the consideration was "one dollar and other valuable consideration." On the 14th day of June, 1933, Donovan secured a judgment in the district court of Johnson County, Iowa, against R. P. White, upon which a general execution was issued, which was returned "no property found." Donovan then commenced this action to set aside the transfer of the real estate from White to his wife Bessie, alleging that it was done fraudulently and with intent to defraud Donovan, one of his creditors.

It is the contention of the appellant that this case is governed by the rule laid down by this court in Burgess v. Stinson, 207 Iowa 1, 222 N. W. 362. With this, however, we cannot agree. The case of Burgess v. Stinson, supra, involved a conveyance which recited a consideration merely of one dollar, which was in effect no consideration and brought the case within the rule of voluntary conveyances, whereas in the

case at bar the deed involved recited a consideration of ''one dollar and other valuable consideration.'' And the record here contains further evidence that the ''other valuable consideration'' consisted of $3,000 actually paid by grantee to grantor.

**█ █ █** The case at bar is controlled by the case of First National Bank v. Currier, reported in 218 Iowa 1041, at page 1045, 256 N. W. 734, 736, where, Justice Kindig, speaking for this court, said:

''According to the appellant's petition, the conveyance in the case at bar was made wholly or partly without consideration. Because of such inadequacy of consideration, it is alleged by the appellant in its petition that the conveyance was fraudulent as to it, an existing creditor. Therefore, it is claimed by the appellant that it has proven the allegations of its petition relating to actual fraud by showing: First, that the grantor, John F. Currier, was insolvent when he executed the deed to his wife Rilla Currier; and, second, that the instrument itself purports to be based upon an indefinite and uncertain consideration, to wit: '$1.00 and other valuable consideration', and the agreement on the part of the grantee, Rilla Currier, to assume and agree 'to pay all indebtedness of the grantor to his mother, Lydia A. Currier.'

''There is nothing to show that the actual consideration for the deed was anything different from that recited therein; nor does it appear what in fact such consideration may have been other than that indicated by the recitation in the deed itself. In a case where actual fraud is alleged as the basis for setting aside a conveyance, and the deed purports a consideration, the burden of proving lack or insufficiency of consideration, or that the grantee has acted in bad faith, is upon the creditor, even when the grantor is insolvent. Allen v. Wegstein, 69 Iowa 598, 29 N. W. 625; Wolf v. Chandler, 58 Iowa 569, 12 N. W. 601; Gilbert, Hedge & Co. v. Glenny, 75 Iowa 513, 39 N. W. 818, 1 L. R. A. 479; Clark Bros. v. Ford, 126 Iowa 460, 102 N. W. 421; State Bank of Deep River v. Wolford, 178 Iowa 89, 159 N. W. 572; Bartlett v. Webber, supra, [218 Iowa 632, 252 N. W. 892]; Farmers Savings Bank v. Ringgenberg, 218 Iowa 86, 253 N. W. 826.''

The court continued, 218 Iowa 1041, at page 1046, 256 N. W. 734, 737:

"According to the appellant's argument, the cases above cited are not in harmony with Burgess v. Stinson, 207 Iowa 1, 222 N. W. 362. There it is said, reading on page 2:

"'In view of this existing indebtedness of the insolvent husband at the time of his conveyance to his wife, the burden rests upon her to sustain her title by showing: (1) A valuable and fair consideration; or (2) that the husband had sufficient property remaining to pay his then existing debts.'

"But before that pronouncement was made in the Burgess case, the court had previously announced that under the record there involved, the consideration named in the deed was merely $1.00. The appellant in the case at bar contends that the record in the Burgess case presented a deed naming the consideration as '$1.00 and other valuable consideration'. After studying the record in the Burgess case, however, this court there found that the deed, for some reason, showed a consideration of $1.00 only. So what was afterward said in the Burgess case concerning the burden of proof had relation to a deed which had been found to purport, in effect, no consideration. Because the deed purported to be without consideration, the rule relating to the burden of proof was then announced in the Burgess case. When thus interpreted, it is apparent that the Burgess case is not in conflict with the other decisions above set forth."

■■■ The appellant used as his only witnesses to prove fraud and lack of consideration the appellees, R. P. White and Bessie K. White. Both of these parties, testifying for the appellant, swore that a consideration in the amount of $3,000 had been paid. In addition to that, the transfer was made some two years before Donovan secured his judgment.

This court in the case of Pike v. Coon, 217 Iowa 1068, at page 1074, 252 N. W. 888, 891, said:

"It is the general rule that affirmative, wholly uncontradicted and positive testimony of a defendant, even when given on her own behalf cannot be held to have proven the negative."

And in the late case of Williams Savings Bank v. Murphy, 219 Iowa 839, at page 843, 259 N. W. 467, 469; this court said:

"In the instant case the appellee produced no witnesses to contradict the father and son as to the contract for wages. It depends wholly on what it contends to be the inconsistencies

and incongruities found in the testimony to overcome the positive testimony of the defendants in this regard. It is well established that affirmative, wholly uncontradicted and positive testimony of a defendant, even when given on his own behalf, cannot be held to have proven the negative.''

 The lower court had the advantage of having the witnesses before him and of listening to their testimony. While this case is triable here de novo, we naturally give consideration to the ruling of the learned and able trial court who saw and heard the witnesses.

. Judgment of the lower court therefore must be, and it is hereby, affirmed.—Affirmed.

Chief Justice and all Justices concur.