## PEARSON v. MAXFIELD.

1. **Fraudulent Conveyance: JUDICIAL SALE: PROOF OF INSOLVENCY.** Real estate alleged to have been conveyed for the purpose of defrauding the creditors of the grantor cannot be levied upon, at the instance of a judgment creditor of the grantor, and sold without proof of his insolvency.

*Appeal from Pottawattamie District Court.*

SATURDAY, APRIL 26.

THE plaintiff obtained a judgment against the defendant Mintern, and to satisfy it levied upon certain land standing in the name of the defendant Maxfield. The land was formerly owned by Mintern, and was conveyed by him to Maxfield. The plaintiff bid in the land, obtained a sheriff's deed, and now brings this action to set aside the deed made by Mintern to Maxfield, on the ground that the deed was made to defraud Mintern's creditors. Other facts are stated in the opinion.

There was a decree for plaintiff. The defendants appeal.

*Baldwin & Wright*, for appellants.

*Mynster & Hight*, for appellee.

ADAMS, J.—I. If, at the time of the issuance of the execution, the execution debtor had other property out of which the execution could have been satisfied, the plaintiff should have levied upon such property instead of upon the property in question, which could be effectually reached only through the aid of a court of equity. It is usual, as preliminary to a levy upon property alleged to have been fraudulently conveyed by the execution debtor, to have a return of execution "no property found." It has sometimes been thought that this is absolutely necessary, but it was held in *Postlewait et al. v. Howes*, 3 Iowa, 365, and *Gordon*

*v. Worthley,* 48 Iowa, 429, that the fact of insolvency may be proven in other ways.    But no case has gone so far, we think, as to hold that all proof of insolvency can be dispensed with.    The action of *Gwyer v. Figgins,* 37 Iowa, 517, was brought by a creditor to set aside a conveyance as fraudulent, and was reversed upon the ground, among others, that the debtor's insolvency was not proven.

The appellant insists that there is no evidence in this case that the execution debtor was insolvent, and we think the point is well taken.    No evidence is pointed out by the appellee, and we have failed to discover any.    One witness, it is true, says that in 1860 or 1861 he considered Mintern broken up, but he admits that he had no knowledge except from general rumor, and besides, the execution was issued in 1862, and Mintern may have been solvent at that time, even if broken up a year or two previous.

REVERSED.