LYON v. HADDOCK ET AL.

1. **Fraudulent Conveyance:** PARENTS TO SON. A father and mother conveyed to their son, who was living with them, all their real estate, for no other consideration than the assumption by the son of certain liens on the land, but the amount of these liens was considerably less than the value of the land: *held* that the conveyance, so far as the value of the property exceded the amount of the liens assumed by the grantee, should be held subject to the claims of a creditor whose demands arose prior to the conveyance.

*Appeal from Marshall Circuit Court.*

SATURDAY, OCTOBER 21.

THIS is an action in equity by which it is sought to subject certain real estate and personal property, the title to which is in the defendant, Thomas J. Haddock, to the payment of certain judgments against the other defendants, upon the alleged ground that the property was conveyed by the other defendants to Thomas J. Haddock in fraud of the rights of plaintiff as a creditor.

There was a decree in the Circuit Court for the plaintiffs, and defendants appeal.

*O. L. Binford*, and *Brown & Carney*, for appellants.

*Caswell & Meeker*, for appellee.

ROTHROCK, J.—The defendant, Thomas J. Haddock, is the son of Thomas Haddock and Mary Haddock, the other defendants. He is unmarried and has his home with his father and mother. At the commencement of this suit he was about thirty years of age. He inherited no property from any source. His parents owned 160 acres of land which was partially improved, and three lots in the city of Marshall. The land was incumbered to the extent of some $2,000. Within some three or four years after Thomas J. Haddock became of age, his parents conveyed to him eighty acres of the land, and in 1877

they conveyed to him the remainder.  He also became the owner of the city lots by a conveyance from his parents to one Weatherby, and by Weatherby to one Crabtree, and from him to Haddock.  He assumed the ownership of the farm and of all the personal property thereon and has ever since claimed to own all the property.  He paid no money to his parents for the land, and it does not appear that there was any contract that he was to receive pay for his services on the farm after he became twenty-one years of age.

The consideration for the conveyances of the lands was that he assumed to pay off certain mortgages thereon amounting to some two thousand dollars.  These mortgages were considerably less in amount than the value of the land.  The plaintiff seeks to enforce the payment of two judgments against Thos. and Mary Haddock.  One of them was founded on an obligation which was contracted before any of the conveyances were made.  The other was contracted after the date of the first conveyance of eighty acres.

The court below decreed that the city lots should be subjected to the payment of the judgments.  We think the evidence fairly supports the decree.  The conveyances of the lots from Thos. and Mary Haddock to Weatherby, and from him to Crabtree, and from him to Thos. J. Haddock, were all made within a short time.  The last conveyance was made at the instance and by the procurement of Thos. Haddock.  Thos. and Mary Haddock were insolvent at the time of all of the conveyances, and the consideration agreed to be paid for the land was less than its value.  The difference between the mortgages on the land and the value of the land was more than sufficient to pay the plaintiff's claims.  We think the circumstances show pretty clearly that the conveyances were made and received, and Thos. J. Haddock was put in the possession and ownership of all the property, to protect it from the creditors of his parents.  Even if this be denied, the relationship of the parties was such, coupled with the fact that there was no consideration paid, but a mere assumption of the liens on

the land, that the conveyances in so far as the value of the property exceeded the obligations assumed by the grantee would be held subject to the claims of creditors. *Keeder v. Murphy*, 43 Iowa, 413; *Strong v. Lawrence*, 58 Iowa, 55; *Staming v. Laning*, Id., 662.

AFFIRMED.