## STEPHENSON v. COOK ET AL.

64 265
96 711
98 534

64 265
107 45

1. **Fraudulent Conveyance:** HUSBAND TO WIFE: CONSIDERATION:
PRESUMPTION. A conveyance from husband to wife, which purports to
be made for a valuable consideration, is not presumptively a gift, and he
who seeks to set it aside as being fraudulent has the burden to show a
want of consideration.

2. ——: ——: ——: PRESUMPTION AS TO WIFE'S ABILITY TO PAY.
Because a married woman derived nothing from her father's estate, it is
not to be presumed that she never afterwards had anything, and that a
conveyance of property to her is necessarily without consideration.

3. ——: ——: GIFT NOT NECESSARILY FRAUDULENT. A gift of real estate
by husband to wife is not of itself improper, and before a creditor of the
husband can ask a court of equity to set it aside, he must show that the
husband has not sufficient property left out of which to make the claim.

4. **Evidence:** TESTIMONY OF HUSBAND AGAINST WIFE EXCLUDED: RULE
APPLIED. The husband may not testify against the wife in a civil case,
even where he is a co-defendant, and his testimony is against himself
also. Accordingly, in an action against husband and wife to set aside

as fraudulent a conveyance from the former to the latter, the former should not have been allowed to testify that he had no other property out of which his creditors could collect their claims against him. *Richards v. Burden*, 31 Iowa, 305, and *Thompson v. Silvers*, 59 Id., 670, distinguished.

BECK, J., *dissenting*.

### *Appeal from Crawford District Court.*

### WEDNESDAY, JULY 23.

THE plaintiff is a judgment creditor of the defendant, Samuel Cook, and as such he brings this action in equity against him and his wife, Sarah Cook, to set aside a deed of certain real estate, and a bill of sale of certain personal property, alleged to have been executed to her by her husband without consideration, and for the purpose of defrauding his creditors. There was a decree for the plaintiff, and the defendants appeal.

*C. Haldane*, for appellants.

*Connor & Shaw* and *Cotton & Wolfe*, for appellee.

ADAMS, J.—The plaintiff's counsel discuss, in very forcible language, the bad conduct of the defendant, Samuel Cook, in incurring the indebtedness for which the judgment was rendered. They characterize it as an effort to steal, etc. We might properly enough concede all that the plaintiff's counsel claim in this respect, but such concession would be of no especial advantage to the plaintiff, in the absence of evidence tending to sustain the allegations of his petition. The deed and bill of sale, which the plaintiff seeks to set aside, purport to have been made for a valuable consideration, and they must be allowed to stand, unless some evidence has been introduced sufficient to overcome the presumption of a consideration raised by the instruments themselves.

Evidence in actions brought to set aside conveyances, as made to defraud creditors, often consists of slight circumstances,

and, when held sufficient, the conclusion reached is sometimes not very satisfactory; but it is seldom that a case has been presented to us where the evidence is so meager as in this. Mr. Justice REED, who tried the case below, has an impression that the evidence before him was fuller than it appears in the appellant's abstract, and this is by no means impossible, but the case is triable now only upon the evidence before us.

Before proceeding to the consideration of the evidence, it is proper that we should observe what the case is, as made by the petition. It is not averred that the defendant, Samuel Cook, made a fraudulent sale to his wife, and that she became a party to the fraud by reason of having purchased with knowledge of his fraudulent intent.

The petition proceeds wholly upon the theory of a mere conveyance, without a sale and without a consideration, which

1. FRAUDU-LENT convey-ance: hus-band to wife: considera-tion : pre-sumption.
conveyance, if made as alleged, would be presumptively a gift. But, while gifts from a husband to a wife, or post-nuptial settlements, are common, a conveyance which purports to be made for a valuable consideration is not of itself presumptively a gift. The burden, then, was upon the plaintiff to show a want of consideration, and we proceed to consider the evidence upon which the plaintiff relies. The evidence is, that Mrs. Cook's father was a man in moderate circumstances, and that all that she ever received from his estate, was about $100. The legal proposition upon which the plaintiff

2. ——: ——: ——— : pre-sumption as to wife's abili-ty to pay.
seems to rely, although not expressly stated, may be said to be this: Where it is shown that a married woman derived nothing from her father's estate, it is to be presumed that she never afterwards had anything, and, if she takes a conveyance of property, it is to be presumed that she never paid for it, nor promised to do so. That such a rule cannot be sustained needs no demonstration.

Again, if we should concede that the conveyances were

made by way of gift, we should not see the way clear, under the evidence, to set them aside. A gift by a husband to his wife is not of itself improper, and, before a creditor of the husband can properly ask a court of equity to set it aside, he must show that the husband has not sufficient property remaining to enable him to collect his claim.

*3. ——: ——: gift not necessarily fraudulent.*

The evidence of the husband's insolvency in this case is his own testimony. It was objected that he could not, under the statute, be allowed to testify as against his wife; and we have to say that we think that the objection should have been sustained. The statute is very explicit. It provides that "neither the husband nor wife shall in any case be a witness against the other, except in a criminal prosecution," etc. In the case at bar, the sole object of the action was to divest Mrs. Cook of the title to the property in question. It is not only not denied that the husband was examined as a witness against his wife, in contravention of the express language of the statute, but his testimony is the sole evidence upon a material point, and without it no decree could have been rendered against her.

*4. EVIDENCE: testimony of husband against wife excluded: rule applied.*

But it is said that an exception ought to be engrafted upon the statute, and that is, that the husband may be allowed to testify against his wife, if his testimony is against himself also. To this we have to say that we find no warrant for such rule. The statute expressly makes two exceptions, and excludes all others by as plain language as could be used.

It is said, however, that the court has already ruled that an exception is to be engrafted upon the statute. The cases relied upon are *Richards v. Burden*, 31 Iowa, 305, and *Thompson v. Silvers*, 59. Id., 670. As to the first case, it is to be observed that the court ruled that no appeal, at that stage of the case, could be taken from the order allowing Mrs. Burden to testify, and that the court had, therefore, no jurisdiction, except to dismiss the case, and it was accordingly dis-

missed. In view, however, of the importance of the question to that case, and the desire of counsel, the court proceeded to indicate its views upon the question presented.

But even that case contains no views in conflict with those herein expressed. It is expressly stated that Mrs. Burden is not called upon to be a witness against her husband, but against herself. It is also stated that Richards claimed independent and distinct relief against her, and exhibited a separate cause of action against the husband. The action was brought to settle the partnership affairs of Richards & Burden, and Mrs. Burden was joined as having an unsettled account against the firm.

Richards sought to elicit testimony from her as against herself and in favor of the firm. The court might well say that she was not introduced as a witness against her husband, for he was a member of the firm. The decision in *Thompson v. Silvers* is equally unavailing to the plaintiff. It was held that Mrs. Silvers might be examined as garnishee upon an execution against her husband, because her answers, if they should be such as were sought to be elicited, would not be against him.

In our opinion, the defendant, Samuel Cook, was an incompetent witness against his wife, and that, excluding his testimony, the decree cannot be sustained, and could not be, even if there was evidence of a want of consideration, which, as we have shown above, we have failed to find.

REVERSED.

BECK, J., *dissenting*.