CLARK BROS., Appellant, v. ROBERT FORD and MARY FORD.

**Fraudulent conveyances: DEED FROM HUSBAND TO WIFE.** The agreement between a husband and his wife's parents to reimburse her to the extent of funds advanced him for family use by the parents, will support a conveyance of property from the husband to the wife in payment thereof, irrespective of any contract between them, or the husband's insolvency.

**Fraud: BURDEN OF PROOF.** To set aside a conveyance from husband to wife as fraudulent as to creditors, the plaintiff has the burden of showing fraud.

*Appeal from Monroe District Court.*— HON. M. A. ROBERTS, Judge.

TUESDAY, FEBRUARY 7, 1905.

ACTION by plaintiffs, as judgment creditors of Robert Ford, to have a conveyance of property to his wife set aside, and to subject such property to the satisfaction of their judgments. Decree for defendants. Plaintiffs appeal.—*Affirmed.*

*Clarkson & Bates,* for appellants.

*Fred D. Everett* and *N. E. Kendall,* for appellees.

McCLAIN, J.— The indebtedness on which plaintiffs' judgments were recovered antedated the conveyance of the property by Robert Ford to his wife, and the occupancy of such property as a homestead; and the sole question for us is whether the conveyance was voluntary, or was made and accepted with the intent to defraud creditors. There is no

reasonable doubt that, at the time of the conveyance, Ford was insolvent. The evidence relied upon by defendants as tending to show that the conveyance was not voluntary and without consideration is found in their testimony, which is to some extent corroborated by relatives, that the conveyance was made in fulfillment of a promise by Ford to his wife's father at the time her father gave money and property to the daughter and her husband that Ford would, as we infer from the testimony, reimburse his wife for the money and property thus given by the father and a subsequent promise to his wife's mother at the time that other advancements were made that the wife should be likewise thus secured or reimbursed for such advancements. The argument for appellants is that as the property and money thus advanced by the wife's parents was used for the support of the family, without any direct promise from the husband to the wife that she should be paid, the transaction did not give rise to any indebtedness as between husband and wife. But if the husband promised, for a consideration proceeding from his wife's parents, that he would reimburse the wife to the extent that money and property were advanced to him, even for family use, then the wife, as the party for whose benefit the promise was made, had a valid claim against her husband to that extent, regardless of any contract between the two for such payment. We think that by preponderance of testimony it was shown that such promises of reimbursement were made to the extent of the value of the property conveyed, less the incumbrance subject to which the wife accepted it, and therefore we reach the conclusion that the conveyance should not be set aside as to any extent voluntary or without adequate consideration.

As to the contention that the conveyance was made and accepted with intent to defraud creditors, the burden of proving fraud was on the plaintiffs, and we think they have not made out their case by a preponderance of the evidence. It may be confessed that the circumstances were suspicious, and

yet the husband had a right to pay his debts to his wife, if he saw fit to do so, and, in the absence of a fraudulent purpose, the conveyance must be sustained.

On the whole evidence, we are satisfied that the decree of the trial court was correct, and it is *affirmed*.