W. M. Long, Administrator, v. Garey Investment Co.,
Appellant.

**Venue:** ACTIONS RELATING TO REAL PROPERTY: JURISDICTION. Actions
for the recovery of real property must be brought in the
county where the subject of the action or some part thereof
is situated; but when the court has once acquired jurisdiction
a dismissal, as to the land situated in the county where the
action is pending, will not deprive the court of jurisdiction to
render judgment setting aside a conveyance of land located
in another county.

**Appeal:** QUESTIONS NOT RAISED BELOW. Where an administrator's
suit to set aside conveyances of land made by his intestate,
and to subject the same to the payment of claims, has been
tried on the theory that the claims were in existence at the
time of the conveyances, an issue on this question cannot be
urged on appeal.

**Same:** REHEARING. A party cannot make a new case on a petition
for rehearing; nor can he insist upon matters which were not
presented in the original submission.

**Fraudulent conveyances:** SOLVENCY OF GRANTOR: BURDEN OF PROOF.
A voluntary conveyance is presumptively fraudulent as to
existing creditors, and in an action to set the same aside the
burden is upon the grantee to show that the grantor had other
means sufficient to satisfy his creditors.

**Same:** GOOD FAITH PURCHASER. Where the conveyance to defend-
ant's grantor was fraudulent as to creditors, he has the burden
of showing that the conveyance to him was in good faith and
for a valuable consideration.

*Appeal from Taylor District Court.*— Hon. H. M. Towner,
Judge.

Wednesday, July 3, 1907.

The opinion states the case.— *Affirmed.*

*William M. Jackson,* for appellant.

*Crum, Jaqua & Crum,* for appellee.

SHERWIN, J.— An opinion was filed in this case December 15, 1906, which is hereby withdrawn. J. H. Hooker died March 9, 1904. On the 4th day of that month he executed conveyances of certain lots in Clearfield, Taylor county, and of a farm of two hundred and eighteen acres in Ringgold county, and a bill of sale of his personal property, to his son, H. M. Hooker. The latter conveyed the lots to L. E. Yaryan June 27, 1904, who mortgaged them to J. F. McGinty. He deeded the farm to the Garey Investment Company on July 8th of the same year. W. M. Long was appointed administrator of the estate of deceased May 12, 1904. But $2 came into his hands as such, and claims aggregating nearly $2,000 were filed and allowed. This action was begun in the district court of Taylor county, January 26, 1905, by direction of said court, and therein plaintiff prayed that the conveyances be set aside and the property be sold to satisfy said claims. The defendants, save Yaryan and McGinty, were non-residents, and served with notice by publication only. As the widow and H. M. Hooker did not appear, decree by default was entered against them. The Garey Investment Company answered, as did Yaryan and McGinty, who also, in a cross-petition, prayed that title be quieted in them. Some time after all the evidence had been introduced, plaintiff dismissed the cause of action as to Yaryan and McGinty and as to the lots in Clearfield. Thereupon the Garey Investment Company moved that the action be dismissed as to the land in Ringgold county. This motion was overruled, whereupon decree was entered ordering that the conveyance from J. H. Hooker to his son and from the latter to the Garey Investment Company be set aside, and the administrator sell the land, or so much thereof as should be necessary to satisfy the claims, together with the costs of administration, provided that the company did not pay the same within ninety days. The Garey Investment Company appeals.

At the threshold of the case lies the question of the

jurisdiction of the district court to enter the judgment it
did against the appellant.    It will be remembered that J. H.

Hooker died March 9, 1904, and that on the

1. VENUE: ac-
tions relating    4th day of that month he conveyed to his son,
to real
property:         H. M. Hooker, certain lots in Clearfield, Tay-
jurisdiction.
lor county, and a farm in Ringgold county.
The lots in Taylor county and the land in Ringgold county
were subsequently conveyed by H. M. Hooker; the appellant
acquiring its title from him.    After the evidence had been
introduced on the trial of the case, the plaintiff dismissed
the petition so far as it related to the lots in Taylor county,
and thereupon the court rendered a judgment for the defend-
ants Yaryan and McGinty on their cross-petition; the decree
quieting title as therein prayed.    This left the land in Ring-
gold county that had been conveyed to the Garey Investment
Company the only land remaining in controversy in the
action, and, it being in another county, the Garey Investment
company moved that the action be dismissed because the court
had no jurisdiction.    Appellant contends that the court was
without jurisdiction to render the decree last mentioned.
The order for the sale of real estate in the name of deceased
must be obtained in the court granting administration.    Sec-
tion 3323, Code.    And, where his known and acknowledged
property may not be sufficient for the payment of debts, the
court or judge may direct the administrator to file a petition
in equity to secure to the estate the title to any real estate
which in event of the insufficiency of the personal property,
would be assets for the payment of debts.    Section 3317,
Code.    This necessarily contemplated instituting such action
in the district court, as the probate court is without equitable
jurisdiction, and therefore that the petition be filed in the
county designated by the general statute relating to the place
of bringing actions.    Section 3491 of the Code provides
that " actions for the recovery of real property, or of an
estate therein, or for the determination of such right or in-
terest, or for the partition of real property, must be brought

in the county in which the subject of the action or some part thereof is situated." Suits to set aside deeds and declare the property that of another than the grantees therein are clearly within this statute, and therefore should be brought in the county where the real estate or some part of it is situated. As personal judgment is not demanded in such cases, the action is solely *in rem,* and the court does not acquire jurisdiction, save when the venue is rightly laid. *Orcutt v. Hanson,* 71 Iowa, 514. See *McDonald v. Second National Bank,* 106 Iowa, 517.

But, having once acquired jurisdiction, the court does not lose it when it appears that all the relief prayed cannot be granted. If it should turn out that the petition, in so far as it relates to the land situated in the county where the court sits, should be dismissed, this would not deprive the court of the power of granting appropriate relief as to the part located in another county. Having once acquired jurisdiction, it is retained until the issues are disposed of in the usual course of judicial procedure. It is conceded that the court had jurisdiction of the real estate in both counties up to the time of dismissal. · If so, it might have denied relief as to that in Taylor county, and granted it, as was done, against the land in Ringgold county; and it was not deprived of jurisdiction to grant the relief last mentioned by the mere fact that at the close of the hearing plaintiff dismissed all claim for relief against the lots in Taylor county, instead of submitting the matter to the court for adjudication of dismissal. Another reason for our conclusion is that the Garey Investment Company had also filed a cross-petition asking that the title to said land be quieted in it.

After the appointment of plaintiff as administrator claims were filed and allowed aggregating about $2,000.

2. Appeal: questions not raised below. The appellant contends that there is no sufficient evidence showing the existence of these claims at the time the conveyances were made, five days before Mr. Hooker's death; but we are of opin-

ion that it would require a violent presumption to hold that claims aggregating such a large amount could arise wholly between the date of the conveyance and the date of Mr. Hooker's death, or that they were incurred as a proper expense of his funeral, etc. But, however this may be, the case was tried in the lower court on the theory that the claims allowed were in existence at the time of the conveyance of the property. If it was not actually conceded that such was the fact, no objection was made on that ground, and in the appellant's motion to dismiss no question was made as to the existence of the claims at the time of the transfer. The case having been so tried, the appellant will not be permitted to shift his ground on appeal and raise a point not presented in the trial court. We therefore hold that the conveyance of the land in question was made at a time when the deceased was insolvent and was indebted to a large amount; such indebtedness being represented by the claims filed and allowed against his estate.

The plaintiff alleged that the conveyance was a voluntary one, and that no consideration was paid therefor by H. M. Hooker. This was not denied by the appellant on 3. SAME: rehearing. the former submission in this court, nor, so far as the record shows, was the question raised in the trial court, although the appellant now claims that a consideration passed from H. M. Hooker to his father by reason of the assumption by the former of the payment of mortgages resting on the land at the time of the conveyance. It is a well-established rule in this State that a new case cannot be made on a petition for a rehearing, nor can matters then be insisted upon which were not presented in the original case. *Hintrager v. Hennessy*, 46 Iowa, 600; *Mann v. Sioux City & P. R. Co.*, 46 Iowa, 637.

The case must therefore be determined on the theory that the conveyance from J. H. Hooker to his son, H. M. Hooker, was without consideration, and hence voluntary; and, this being true, it was presumptively fraudulent as to

then existing creditors, and the burden of proof was upon the

4. Fraudulent
conveyances:
solvency of
grantor:
burden
of proof.

appellant to show that the deceased was in possession of means, independent of the property conveyed, sufficient to satisfy all his creditors. *Strong v. Lawrence,* 58 Iowa, 55.
And even where a partial consideration is paid, if the difference between the price paid and the actual value of the property is apparent, the conveyance will be regarded as voluntary to the extent of that difference. *Lyon v. Haddock,* 59 Iowa, 682. In other words, in such cases the burden of proof is upon the grantee to establish facts which will repel the presumption of fraud and to show the deed to have been for a valuable consideration. *Elwell v. Walker,* 52 Iowa, 256; *Baldwin v. Tuttle,* 23 Iowa, 66.

In this case, the conveyance from J. H. to H. M. Hooker having been fraudulent as to creditors, because a voluntary conveyance, the burden of proof rested upon the Garey Investment Company to show that it was a pur-

5. Same:
good faith
purchaser.

chaser in good faith and for a valuable consideration, and it has made no such showing.
*Sillyman v. King,* 36 Iowa, 207; *Rush v. Mitchell,* 71 Iowa, 333; *Throckmorton v. Rider,* 42 Iowa, 84.

The question was raised on the former hearing, and is again presented here, as to the effect of the conveyance from Hooker to his son; that is, whether it was absolutely void because of the grantor's mental incapacity, or whether it was voidable only. In view of our conclusion on the branch of the case which we have just discussed, we do not find it necessary to determine the question. Dr. Singer, who attended the deceased as his physician, was permitted to testify, over the appellant's objection to his competency under section 4608 of the Code, as to his mental condition at the time in question. As we have not found it necessary to determine the question of mental capacity, we need not pass upon the ruling in question, and do not do so.

For the reason stated, the judgment must be, and it is, *affirmed.*