ELIZA A. BUELL, Appellant, v. WENDELL D. WAITE et al., Appellees.

**FRAUDULENT CONVEYANCES: Remedy of Creditors—Pro Tanto Cancellation.** An absolute deed for which grantee parts with no consideration except to assume a mortgage indebtedness on which he was theretofore liable, but only secondarily, as between himself and the grantor, will be deemed (no actual fraud being charged) constructively fraudulent to the extent that the value of the land exceeds the amount of the said assumed mortgage, *unless grantee shows that the grantor had sufficient property remaining to pay his existing creditors.*

Headnote 1: 27 C. J. pp. 534, 797.

*Appeal from Hamilton District Court.*—B. R. BRYSON, Judge.

NOVEMBER 24, 1925.

ACTION in equity, to set aside a conveyance of land as in fraud of creditors. The opinion states the facts. From a judgment dismissing the petition, plaintiff appeals.—*Reversed and remanded.*

*Martin & Alexander,* for appellant.

*Burnstedt & Hemingway* and *D. C. Chase, Jr.,* for appellees.

VERMILION, J.—The appellant obtained a judgment against the appellee Wendell D. Waite on December 2, 1923, for $11,596, upon a note given in 1921. On April 23, 1923, Waite, for an expressed consideration of one dollar and other valuable consideration, had conveyed by quitclaim deed a farm of 356 acres to the appellee Florence L. Moore. It is to set aside this conveyance as in fraud of creditors, and especially appellant, that this action was brought.

The appellees are brother and sister. For some time prior to the conveyance in question, they had owned the conveyed land as tenants in common, each being the owner of an undivided one half thereof. Prior to the conveyance, they had executed a mortgage on the land to secure a loan of $26,000. Of this amount, Waite had received, or had the benefit of, $20,000, while Mrs. Moore had received only the balance, of $6,000. Waite had given Mrs. Moore a writing reciting this fact, in which he expressly recognized his obligation to pay $20,000 of the loan, and that she was only obligated to pay $6,000 thereof, and agreed that his interest in the land should be subject to a lien for $20,000 of the mortgage debt.

Appellant concedes the validity of this agreement, and that it is only the equity that Waite had in the undivided one half of the land over and above the lien of $20,000 that should be subjected to the payment of the judgment.

Possibly we should say that the holder of the $26,000 mortgage is not a party here, and his rights under the mortgage upon the whole of the land are in no way in question.

The only consideration for the conveyance from Waite to Mrs. Moore was the assumption by her of the lien of $20,000

upon the interest conveyed. Mrs. Moore, as a witness, placed the value of the land at not to exceed $100 per acre. She is a resident of California, had never lived in the county where the land is located, and professed no familiarity with land values. She evidently based her opinion largely upon the amount realized from the operation of the farm, which appears to have been small, owing to bad management and poor husbandry. Other and apparently disinterested witnesses, familiar with the land and land values, placed its value, at the time the conveyance was made, at $150 to $185 per acre. The record fairly establishes that the land was worth at least $150 per acre, or $53,400. The undivided one-half interest of Waite was, therefore, worth $26,700, or $6,700 more than the incumbrance assumed by Mrs. Moore at the time of the conveyance to her.

A voluntary conveyance is constructively fraudulent as to existing creditors, unless the grantor had sufficient remaining property to satisfy his creditors; and the burden is on the grantee to establish that his remaining property was sufficient for that purpose. *Campbell v. Campbell,* 129 Iowa 317; *Richardson v. Richardson,* 134 Iowa 242. And where a conveyance is for a consideration materially less than the value of the land, it is often deemed voluntary as to the difference. Especially is this so where the conveyance is to a close relative, and is for security only, or in consideration of the assumption by the grantee of liens upon the property; and in such case the grantee has the burden of establishing that the grantor had sufficient property remaining to pay his debts. *Strong v. Lawrence,* 58 Iowa 55; *Lyon v. Haddock,* 59 Iowa 682; *Gaar, Scott & Co. v. Hart,* 77 Iowa 597; *Fuller v. Griffith,* 91 Iowa 632; *Long v. Garey Inv. Co.,* 135 Iowa 398.

Under appellant's concession that Mrs. Moore is entitled to be protected to the extent of her lien for $20,000 upon the interest in the land conveyed to her by Waite, we have no occasion to inquire whether there was such actual fraud as would warrant the setting aside of the conveyance entirely, and without regard to her lien, or to consider her right as a creditor to obtain security from an insolvent debtor, to the prejudice of other creditors. Her right to do so and the validity of her security so obtained are not questioned.

Putting upon the record the most favorable possible construction in behalf of Mrs. Moore, we are abundantly satisfied that the only legitimate object of the conveyance was to further secure her against the contingency that her original interest in the land might be subjected to the payment of more than $6,000 of the mortgage debt, and that, in so far as the conveyance did more than this, it was purely voluntary in fact, as well as under the authorities cited, and therefore constructively fraudulent as against existing creditors of Waite, so far as the value of the land was in excess of her lien. She gave nothing for the land, save her assumption of the lien thereon for $20,000. Although she now claims title to the entire interest conveyed to her, when she is protected to the extent of her lien thereon, as appellant concedes she should be, she is in no position to hold more than this as against appellant, a creditor of the grantor's at the time of the conveyance, without showing that he had sufficient property remaining to pay the debt. There is no such proof in the record. On the contrary, the evidence shows that Waite had no other property when he gave the deed, except land in Minnesota, which had been sold on execution, and for which he testified he supposed the purchaser had a sheriff's deed, and 80 acres in Iowa, which he would not say was worth more than the mortgage upon it.

Appellant is entitled to a decree setting aside the conveyance, except as security for the lien of the appellee Moore for $20,000 of the $26,000 mortgage, and subjecting the undivided one-half interest in the land to the payment of the judgment, subject to such lien.

The cause is reversed and remanded for a decree in accordance with this opinion.—*Reversed and remanded.*

FAVILLE, C. J., and STEVENS and DE GRAFF, JJ., concur.