R. W. TIRRILL, Appellee, v. GEORGE A. MILLER et al., Appellees; ILLINOIS OLDSMOBILE COMPANY, Appellant.

MARCH 6, 1928.

REHEARING DENIED JUNE 26, 1928.

*Yoran & Yoran*, for appellant.

*Bronson & Charlton*, for Harriett L. Miller, appellee.

FAVILLE, J.—Appellee George A. Miller owned 120 acres of

land. The plaintiff held a mortgage on said premises. A homestead of 40 acres was platted in said premises by said George and his wife, Harriett L. Miller. On March 27, 1922, the appellant recovered personal judgment against the said George for $3,449.09 and costs. The lien of said judgment on 80 acres of said real estate was junior to said mortgage. Later, Tirrill, the mortgagee, instituted foreclosure proceedings on said mortgage, and decree was entered October 31, 1925, providing for foreclosure of said mortgage upon said 120 acres. Thereafter, an execution issued, and said premises were sold on the 7th day of January, 1926, to one McIntosh for the amount due on the Tirrill mortgage, and sheriff's certificate was duly issued to said McIntosh. On or about March 23, 1926, George deeded the 80 acres to his wife, Harriett. Said deed recited a consideration of "$1.00 and other consideration." On or about the same date, the said George and Harriett executed their joint mortgage on the entire 120 acres to one Utley, and thereupon the proceeds of said mortgage loan were paid by the mortgagee to the clerk, to make redemption of the said 80 acres, the said redemption being made in the name of the said Harriett. On October 6, 1926, the appellant filed its affidavit for redemption under the statute, and paid into the hands of the clerk of the court the sum of $3,500, for the purpose of making redemption of said 80 acres in question, if it should be held by the court that a redemption on its part was necessary. The foregoing facts are stipulated. The court decreed that the appellant was entitled to redeem the said 80-acre tract, and fixed the amount necessary to effectuate said redemption, being the amount then due under the foreclosure in which redemption had been made by Harriett, and decreed that Harriett was entitled to the amount paid into the hands of the clerk by the appellant to effectuate said redemption, and providing that, in the event that redemption was not made from the appellant by junior redemptioners, a sheriff's deed should issue to appellant.

Two questions are presented for our consideration in this case: (1) As to whether or not, under the decree, the appellee Harriett was entitled to redeem said premises from the foreclosure sale; and (2) whether such redemption was, in fact, a payment of the judgment and a redemption in behalf of the

appellee George, so that the appellant's judgment against the said George attached to said premises after said redemption.

I. Section 11774, Code of 1924, is as follows:

"The debtor may redeem real property at any time within one year from the day of sale, and will, in the meantime, be entitled to the possession thereof; and for the first six months thereafter such right of redemption is exclusive."

Section 11784 is as follows:

"The terms of redemption, when made by the title holder, shall be the payment into the clerk's office of the amount of the certificate, and all sums paid by the holder thereof in effecting redemptions, added to the amount of his own lien, or the amount he has credited thereon, if less than the whole, with interest at contract rate on the certificate of sale from its date, and upon sums so paid by way of redemption from date of payment, and upon the amount credited on his own judgment from the time of said credit, in each case including costs."

Section 11796 is as follows:

"The rights of a debtor in relation to redemption are transferable, and the assignee has the like power to redeem,"

Under these provisions of the statute, there can be no doubt of the right of the appellee Harriett to redeem the premises in controversy from the foreclosure sale. The debtor George held the fee title to the premises at the time of foreclosure. He conveyed the title to Harriett. Section 11796 expressly recognizes the right of a debtor to so transfer the title, and vests in the transferee the power to redeem. The redemption was made by Harriett within the time provided by the statute. Clearly, under the express provisions of the statute, the title holder, George, who was the "debtor" in the foreclosure proceedings, had the right to transfer the title to the premises, and such transferee, under the statute, had the right to make redemption. This is exactly what was done; and unless further redemption was made by parties entitled to make the same, sheriff's deed would vest title in said Harriett at the end of the period of redemption. Such title would be held, under said sheriff's deed, free from all

liens against the premises except debts of the then title holder, or lien holders not made parties to the foreclosure action, or newly created liens on the premises. In other words, when the title holder George, after the foreclosure decree, transferred his title in the premises to Harriett, she had the right to redeem the premises from the foreclosure sale, and, unless subsequent redemptions were made, to take title to the premises free from debts against George, where the creditors were parties to the foreclosure,—but, of course, subject to any debts of her own. This is the plain provision of the statute, and one which we have repeatedly recognized. *Cooper v. Maurer*, 122 Iowa 321; *Witham v. Blood*, 124 Iowa 695; *Harms v. Palmer*, 73 Iowa 446; *Campbell v. Maginnis*, 70 Iowa 589, 590; *Moody v. Funk*, 82 Iowa 1; *Bevans v. Dewey*, 82 Iowa 85; *Co-operative S. & L. Assn. v. Kent*, 108 Iowa 146. Appellant's rights as a judgment lien holder were not prejudiced by this action. It had a right of redemption, and the grantee took the property subject to all the rights of appellant therein. This right was not affected by the transfer to Harriett, or by the redemption by her. The action taken was in exact accord with the statute.

II. Appellant contends that the redemption by Harriett was not a legal redemption of the premises from the foreclosure sale, which would require a further redemption by the appellant as a junior lien holder, but that, inasmuch as Harriett was a "debtor" in the foreclosure proceedings, the redemption by her was, in effect, a satisfaction of the judgment, and that it cannot be held to be a redemption requiring the appellant to redeem from her. To put it another way, it is the contention that the redemption by Harriett, who was a debtor in the foreclosure action, was, in fact, a satisfaction of the judgment. We do not so construe the proceedings. Under the record, the redemption was made by Harriett as vendee and title holder of the premises, and it was not a payment of the judgment in foreclosure by her, as debtor. The judgment had been fully paid and satisfied by the sale under execution. The judgment plaintiff had received his money, and no one was any longer his debtor under the judgment. A third party (McIntosh) held the sheriff's certificate of sale. The plaintiff had been paid in full by the sale of the property, and his debt as to both George and Harriett had been satisfied and wiped out. The question then remained as to the

right of redemption of the real estate which had been sold to satisfy the plaintiff's judgment. If George had redeemed the land from the sheriff's sale, then it would have become his property, and been subject to all of his outstanding debts, including the judgment of the appellant. He did not make such redemption. He deeded the land to another party, Harriett. He might have deeded it to anyone else. Such vendee was entitled to redeem the *land* from the outstanding sheriff's sale, not as a debtor; paying off the judgment of the plaintiff in the action, which had already been paid and satisfied by the sheriff's sale, but as the holder of the title to the land, who had the right to redeem it from the outstanding sale, under the provisions of the statute. If George had redeemed, the land would have been subject to his debts. When Harriett redeemed, as title holder, the land became subject to her debts. What Harriett did was not to pay off the judgment which had already been satisfied by the sale of the real estate, but, as title holder, to redeem the land from the sheriff's sale, and to take title in herself. At this point we hold that the redemption by the appellee Harriett was effective as a redemption, and preserved in the appellee Harriett the right to a sheriff's deed, in the event that no further redemption was made.

III. Appellant contends that the conveyance of the title by George to his wife, Harriett, by quitclaim deed, reciting a consideration of $1.00 and other valuable consideration, was in pursuance of a fraudulent conspiracy to hinder, delay, and defraud the creditors of George; and especially the appellant, and that the redemption as made by Harriett, with money which it is stipulated she and her husband obtained by a loan upon the premises, was merely a fraudulent scheme to defeat the appellant. To state it more specifically, the appellant's contention at this point is that the redemption as made by Harriett was, in truth and in fact, a redemption by George, and that the property, in effect, is now the property of George, and subject to the satisfaction of appellant's judgment against George, free from any lien under the mortgage foreclosure.

The facts as to all that was done were stipulated, and it is upon such facts that we must determine whether or not there was fraud, and whether or not the redemption was, in fact, by

George, so that the land is now subject to the lien of appellant's judgment. Appellant relies upon *Peckenbaugh. v. Cook*, 61 Iowa 477. In that case the debtor conveyed to his wife, who redeemed. The petition charged that the conveyance was without consideration; that the husband furnished the money with which the redemption was made; and that both parties intended, by redeeming in the name of the wife, and not the husband, the real party, to hinder and delay the creditors of the husband. These charges were admitted by a demurrer to the petition, and on appeal we held that the demurrer should have been overruled. No such situation is presented in the instant case. Here there is a stipulation as to the facts of the transactions as above stated; this and no more. There is no sufficient showing of facts to support a finding of fraud or conspiracy. In fact, the appellant was not defrauded, and did not lose any of its rights in the premises. It stands exactly where it has stood all of the time. It obtained a personal judgment against George, which became a lien upon the 80 acres in question, subject to the outstanding mortgage. All the rights of the appellant as a lien holder of said premises, subject to said mortgage, were preserved by the decree of the trial court. It is argued that the conveyance from George to Harriett was voluntary, and was by quitclaim deed, and hence with full notice of appellant's rights. The deed re-cites a consideration of $1.00 and other valuable consideration. Nothing else appears in the stipulation of facts as to the consideration, and upon this recital alone the conveyance was not voluntary. It was by quitclaim, and was subject to all the appellant's rights; but appellant's rights have not been disturbed. There is no showing that appellant has been defrauded or deprived of any rights it had as the creditor of George. The debtor, George, had a legal right, under the statute, to dispose of his interest in the premises. The conveyance was subject to all of appellant's rights under its judgment against George, and these rights have been preserved. The record fails to show that the redemption by Harriett was in fact made for and in behalf of George, or with any funds of his. Harriett holds the fee title, and has redeemed as such title holder. Her title is subject to appellant's right of redemption, exactly as if no such conveyance had been made. Under the record, appellant acquired no greater

rights because of such conveyance than it had before the transfer and redemption were made. The trial court did not err in holding that appellant was not entitled to enforce its judgment against the land as the property of George. Appellant was entitled to redeem, and this was preserved in the decree, which is, in all respects,—*Affirmed.*

EVANS, ALBERT, KINDIG, and WAGNER, JJ., concur.