W. J. Steckel, Appellant, v. Catherine E. Million, Appellee.

No. 40242.

June 23, 1930.

Rehearing Denied September 26, 1930.

*Calhoun & Calhoun*, for appellant.

*E. K. Daugherty* and *H. B. Sloan*, for appellee.

Kindig, J.—The only point to be decided is whether a judgment for $4,000, plus interest and costs, obtained by the plaintiff-appellant against John L. Scott on December 2, 1927, shall be a lien upon and satisfied from certain land in Van Buren County, the title to which now appears in the defendant-appellee.

John L. Scott is the uncle of the appellee, Catherine E. Million. She keeps house for her uncle. Scott and the appellee formerly lived in Ohio. In Knox County of that state Scott

1140

owned 100 acres of land. His health failed him, and he, with his niece, the appellee, came to Iowa, in the summer of 1926. Their object was to buy a farm and live in this state. Appellant at that time was, and now is, engaged in banking, buying and selling farm lands, making real estate loans, and raising live stock. Communication was had between Scott and appellant, resulting in negotiations culminating in the sale to the former of 120 acres of Van Buren County land owned by the latter. This Van Buren County farm was valued by appellant at $4,000, and for that price it was sold to Scott.

When closing the deal, July 14, 1926, Scott paid no cash, but executed his promissory note, payable to appellant, in the sum of $4,000, secured by a mortgage on the aforesaid 100 acres of land in Knox County, Ohio, owned by Scott. That Ohio farm was purchased by Scott in 1923 for $4,750 in cash, and obviously the appellant considered the Ohio property sufficient security for said $4,000. So, at the end of the transaction, Scott owned the 120-acre farm in Van Buren County, Iowa, formerly belonging to appellant, and the latter held a mortgage securing a note for $4,000 on the 100-acre tract in Ohio, still retained by Scott. Thereafter, Scott deeded the Ohio land to one Mortimor, who assumed and agreed to pay the $4,000 mortgage held by appellant. Then Scott conveyed the Van Buren County, Iowa, 120-acre farm to the appellee, Million, for a named consideration of $4,000. Explanation is made by appellee that this transfer to her by the uncle, Scott, was for the purpose of compensating for housekeeping services rendered.

Mortimor, the transferee of the Ohio land, did not pay, under the assumption clause in his deed, and the appellant, as before stated, obtained a judgment against Scott in Van Buren County, Iowa, on the $4,000 note, December 2, 1927. Subsequently, Scott asked appellant to obtain a deed from Mortimor, re-conveying the land to the former, if possible, and if that could not be done, Scott requested that appellant foreclose the Ohio mortgage against Mortimor. Contrary to Scott's desire, appellant obtained the Ohio land from Mortimor for himself. The deed from Mortimor upon that occasion transferred the land to appellant's wife. Such was done at appellant's suggestion, for his own benefit. Under the record, appellant, in effect, is now

the owner of the Ohio land, subject to the Scott mortgage, previously explained.

Upon these facts, appellant seeks to set aside the conveyance of the Iowa farm made by Scott to appellee. Basis therefor is fraud and the absence of consideration. In its judgment and decree, the district court, in. effect, found that Scott did make the transfer with intent to defraud, and that appellee constructively participated therein, but denied relief because the record did not show that appellant was prejudiced thereby, he having in his possession the Ohio land formerly given as security for the debt. Appellant asks that the judgment and decree be reversed, on the theory that, the conveyance being fraudulent, and Scott having no other land at the time in Iowa, the judgment debt should be a lien thereon, and execution levied accordingly.

Because of the record here presented, we are constrained to affirm the judgment and decree entered in the district court. This conclusion is reached, not, however, on the theory suggested by the district court, that there was fraud without resulting prejudice, but rather, by applying the principle that there can be no actionable fraud in the absence of damage or prejudice. Without prejudice or damage to appellant, there was, in fact, no fraud, although Scott and the appellee may have intended to defraud. If there was no fraud in fact, then, so far as appellant is concerned, he cannot set aside the conveyance from Scott to appellee. The existence or non-existence of actionable fraud, therefore, is decisive at this juncture. Manifestly, in view of all the evidence, appellant failed to show actionable fraud. A review of the record will elucidate.

According to the facts and circumstances, so far as appellant is concerned, Scott was not insolvent without the land held by appellee, for appellant had possession of and title to the Ohio land given him by Scott as security for the debt now sought to be collected, and that security was ample to satisfy the obligation. Although the legal title to the Ohio land now is held by appellant's wife in his behalf, nevertheless Scott has an equitable interest therein. Said interest is that the entire land stands as security for appellant's obligation. It all may be appropriated for that purpose; for appellant's wife, in be-

half of her husband, holds the land, subject to the mortgage given by Scott.

By way of repetition, it is here stated that Scott desired the Ohio farm himself. Accordingly, he asked appellant to obtain it for him. Such request was ignored by appellant, and notwithstanding the same, he took the title in his wife's name, for himself. Thus, without Scott's approval or consent, appellant appropriated the land to his own use. Appellant had a right to thus obtain the title if he so desired. It was not incumbent upon him to follow Scott's suggestions, and obtain title to the Ohio property for the latter. When, however, the Ohio property was thus obtained by appellant, it was necessary for him, under the circumstances, to apply the security on Scott's obligation. Nothing of the kind has been done. Neither has accounting thereof been made, nor has credit therefor been given upon Scott's indebtedness. The net result of appellant's manipulations is that he, through his wife, has possession of and title to the Ohio land, and now also endeavors to appropriate the Iowa farm, in whole or in part.

Scott owes appellant approximately $4,000, plus interest and costs. That sum is at least equaled by the value of the Ohio farm. Witnesses who testified for appellant placed the value of the Ohio property at various sums, ranging from $2,000 to $3,000. On the other hand, appellee's witnesses, equal in number, fixed the value at a much higher figure. One of them said the property was worth $6,000. Two others designated the price at $4,500. Only one placed it at less than $4,000. Again, it is recalled that Scott paid $4,750 cash for the Ohio farm in 1923. Since that time it has been considerably improved, and the value increased. Furthermore, appellant himself accepted a mortgage on that property in 1926 for $4,000. This he did after going to Ohio and inspecting the real estate. He was an experienced banker, loan agent, and real estate dealer. At that time, Scott was practically a stranger, and there is no reason why appellant should not have dealt strictly on a business basis. Apparently the farm in Ohio is well improved, and in a fair state of cultivation.

Consequently, it is evident that appellant now has possession of, and, through his wife, title to sufficient property containing an equity belonging to Scott for the full satisfaction and pay-

ment of the entire indebtedness here under consideration. In equity, Scott was entitled to have the security thus held by appellant applied on said indebtedness. The right to have the security thus applied was in no way waived by Scott. When it was so applied, as above found, there would be no deficit. Without such deficit, under the circumstances, appellant was not prejudiced or damaged by the alleged intended fraud on the part of Scott and appellee; for, so far as appellant can be affected, Scott is not insolvent. If not insolvent, Scott had a right to convey the Iowa land to appellee. Even if such transfer were made, with intent to defraud, appellant was not prejudiced or damaged, and therefore actionable fraud did not result, in view of the facts presented. Without Scott's insolvency's prejudicing or damaging appellant, there is no actionable fraud, and he cannot complain because appellee obtained the Iowa acreage. *Pearson v. Maxfield,* 51 Iowa 76; *Banning v. Purinton,* 105 Iowa 642; *Brumbaugh v. Richcreek,* 127 Ind. 240 (26 N. E. 664); 27 Corpus Juris 726, Section 576. Having thus received the property, appellee is entitled to retain it as against appellant.

Regardless of where the burden of proof rested in this case, appellee in fact met all proof required by *Crary v. Kurtz,* 132 Iowa 105, and other similar cases, and showed that, "after the conveyance [Scott had sufficient property], to satisfy" appellant's claim. See, also, *Buell v. Waite,* 200 Iowa 1020; *Long v. Gary Inv. Co.,* 135 Iowa 398; *Campbell v. Campbell,* 129 Iowa 317; *Woods v. Allen,* 109 Iowa 484. Under a sufficient answer, filed in response to appellant's petition, appellee fully proved that she was entitled to hold the Iowa farm as against appellant.

Wherefore, the judgment and decree of the district court should be, and hereby is, affirmed.—*Affirmed.*

MORLING, C. J., and EVANS, DE GRAFF, WAGNER, and GRIMM, JJ., concur.