FIRST NATIONAL BANK of Mason City, Appellant, v. J. RUSSELL CURRIER et al., Appellees.

No. 42680.

OCTOBER 23, 1934.

Breese & Cornwell, for appellant.

Watson & Watson, for appellees.

KINDIC, J.—The plaintiff-appellant, the First National Bank of Mason City, Iowa, is, and during the times herein material was, a corporation, duly organized under the laws of the United States.

Some time during the year 1929, J. Russell Currier and Myrtle E. Currier, of the defendants-appellees, executed to the appellant a promissory note for $7,500. To secure that note, the aforesaid appellees executed a second mortgage on certain real estate in Cerro Gordo county. Soon after the note and mortgage were thus executed, the appellee John F. Currier, in writing, guaranteed the payment of the note. At the time the guarantee was made, the appellee John F. Currier owned 280 acres of unincumbered land in Warren county.

When the mortgage indebtedness became due, the appellee debtors defaulted, and a foreclosure suit was threatened by the appellant. Prior to January 22, 1932, an agreement in writing was entered into between the appellant and the appellee debtors to the effect that the foreclosure proceedings would not be instituted if: First, the appellee debtors would pay the mortgage debt on or before March 1, 1932; and/or, second, the appellee debtors did not materially change their financial "standing" within said period.

On January 22, 1932, however, the appellee John F. Currier conveyed to his wife, Rilla Currier, the 280 acres of land in Warren county, before mentioned. Consequently, the appellant immediately commenced foreclosure proceedings on the second mortgage covering the Cerro Gordo county land. In the foreclosure proceeding, the district court of Cerro Gordo county, on April 2, 1932, gave the appellant judgment against the appellee debtors for the amount of the note and interest. Thereafter, in due time, the appellant sold the Cerro Gordo county land under the foreclosure proceedings, but because the mortgage was second to a first incumbrance, the sale resulted in a deficiency of something over $7,000.

So, on November 8, 1933, the appellant commenced the present proceedings in equity to set aside the conveyance of the Warren county land, made by the appellee John F. Currier to his wife, Rilla Currier. It is the theory of the appellant that John F. Currier, J. Russell Currier, and Myrtle E. Currier were insolvent at the time

the Warren county land was thus conveyed to Rilla Currier, and that she paid no consideration for the conveyance. Consequently, the appellant says the conveyance is fraudulent. According to the deed from the appellee John F. Currier to his wife, Rilla Currier, the consideration for the conveyance was "$1.00 and other valuable consideration" in hand paid, and the following further consideration: "The grantee (Rilla Currier) (assumed and agreed) to pay all indebtedness of the grantor (the appellee, John F. Currier) to his mother, Lydia A. Currier."

Since the conveyance of the Warren county land to her, Rilla Currier has died and W. N. Grant was duly appointed her administrator with the will annexed. He, as such administrator, is a defendant-appellee. Rex Currier, an appellee named on this appeal, together with the appellee J. Russell Currier, claim to be the successors in interest of the said appellee John F. Currier.

By way of answer, the appellees, in effect, denied all actual and constructive fraud in the conveyance from John F. Currier to his wife, Rilla Currier. The district court held that the equities were with the appellees, and therefore refused to set aside the aforesaid conveyance in favor of the appellant-creditor. From that judgment, the appellant appeals.

 In its argument, the appellant states the proposition to be decided on this appeal as follows:

"Where the evidence shows the grantor (John F. Currier) and grantee (Rilla Currier) were husband and wife and that the grantor (John F. Currier) is insolvent (at the time the aforesaid deed was executed) and the deed shows only a nominal or indefinite consideration, the burden of proof shifts to the defendants (the appellees) to prove the consideration (therefor) was valuable and fair and that the transfer was not fraudulent, or that the grantor (John F. Currier) had sufficient property remaining to pay his then existing debts." Continuing its argument, the appellant concludes: "If the above statement of law is correct, then this case must be reversed. The entire case narrows down to this one proposition of burden of proof."

When attempting to prove that the conveyance from the appellee John F. Currier to his wife, Rilla Currier, should be set aside, the appellant showed the existence of the indebtedness above named and the insolvency of the grantor named in the deed; but offered

no evidence to prove that the conveyance was fraudulent or that it was made without an adequate consideration. While at times the appellant seems to proceed upon the theory that it must prove not only the insolvency of John F. Currier, but the insolvency of the other debtors as well, at other times in the record it argues the case upon the theory of the insolvency of John F. Currier alone. Due to the fact that the record probably fully indicates the insolvency of all the debtors, we will assume, for the convenience of the discussion, that the insolvency of John F. Currier alone is material. Under the circumstances relating to the insufficiency of the appellant's proof, the appellees relied upon the purported consideration named in the deed.

So it is apparent, as before indicated, that the point to be decided is—Where does the burden of proof rest? It is claimed by the appellant, as previously suggested, that the burden rests upon the appellees to show: First, that there was no fraud in the transaction and that the consideration was adequate; or, second, that John F. Currier, when making the conveyance, retained sufficient property to satisfy his creditors. On the other hand, the appellees argue that in view of the fact that the deed purported to be based upon a valid consideration, the burden of proof to show any actual or constructive fraud in the transaction rested upon the appellant.

The parties, in effect, divide their arguments into two parts: First, an argument is made relating to actual fraud; and, second, an argument is made on the subject of constructive fraud. · For convenience, our discussion will follow the order of these arguments.

 I. As before said, the grantee, Rilla Currier, at the time of the conveyance, was the wife of the grantor, John F. Currier. That fact alone, however, is not a badge of fraud, although it may be a circumstance to be considered in determining whether or not the conveyance was valid. Erusha v. Wisnewski, 207 Iowa 1187, 224 N. W. 517; Bartlett v. Webber, 218 Iowa 632, 252 N. W. 892; Crenshaw v. Halvorson, 183 Iowa 148, 165 N. W. 360; Clark v. Clark, 209 Iowa 1179, 229 N. W. 816. An insolvent debtor is not permitted to fraudulently dispose of his holdings in order to hinder or delay his creditors. So if, when a transfer of property is made, the insolvent grantor intended thereby to defraud his creditors, and the grantee benefiting by the transaction had knowledge of the unlawful intent, and participated or co-operated therein, then

the conveyance is voidable, and may be successfully attacked by those interested. But if, on the other hand, the grantee in such transaction acts in good faith and gives an adequate consideration, the grantor's fraud in the premises will not be enough to invalidate the grant. Erusha v. Wisnewski, supra.

According to the appellant's petition, the conveyance in the case at bar was made wholly or partly without consideration. Because of such inadequacy of consideration, it is alleged by the appellant in its petition that the conveyance was fraudulent as to it, an existing creditor. Therefore, it is claimed by the appellant that it has proven the allegations of its petition relating to actual fraud by showing: First, that the grantor, John F. Currier, was insolvent when he executed the deed to his wife Rilla Currier; and, second, that the instrument itself purports to be based upon an indefinite and uncertain consideration, to wit: "$1.00 and other valuable consideration", and the agreement on the part of the grantee, Rilla Currier, to assume and agree "to pay all indebtedness of the grantor to his mother, Lydia A. Currier."

There is nothing to show that the actual consideration for the deed was anything different from that recited therein; nor does it appear what in fact such consideration may have been other than that indicated by the recitation in the deed itself. In a case where actual fraud is alleged as the basis for setting aside a conveyance, and the deed purports a consideration, the burden of proving lack or insufficiency of consideration, or that the grantee has acted in bad faith, is upon the creditor, even when the grantor is insolvent. Allen v. Wegstein, 69 Iowa 598, 29 N. W. 625; Wolf v. Chandler, 58 Iowa 569, 12 N. W. 601; Gilbert, Hedge & Co. v. Glenny, 75 Iowa 513, 39 N. W. 818, 1 L. R. A. 479; Clark Bros. v. Ford, 126 Iowa 460, 102 N. W. 421; State Bank of Deep River v. Wolford, 178 Iowa 89, 159 N. W. 572; Bartlett v. Webber, supra; Farmers Savings Bank v. Riggenberg, 218 Iowa 86, 253 N. W. 826.

The deed, as before indicated, purports to be based upon a consideration. Therefore, the burden of proof is upon the appellant, and not the appellees, to show the inadequacy of the consideration as well as to show the bad faith of the grantee. Stephenson v. Cook, 64 Iowa 265, 20 N. W. 182; Tirrill v. Miller, 206 Iowa 426, 218 N. W. 303. In the Tirrill case, supra, we said, reading on page 431:

"The deed recites a consideration of $1 and other valuable consideration. Nothing else appears in the stipulation of facts as to the consideration, and upon this recital alone the conveyance was not voluntary."

That is true, even though the grantor was insolvent at the time he made the conveyance to his wife. Clark Bros. v. Ford, supra; Swanson Automobile Co. v. Stone, 187 Iowa 309, local citation 319, 320, 174 N. W. 247; Farmers Savings Bank v. Riggenberg, supra. It is obvious, then, that by merely showing the insolvency of the grantor and a purported consideration named in the deed, the appellant has not met its burden of proving the inadequacy of the consideration or the bad faith of the grantee.

According to the appellant's argument, the cases above cited are not in harmony with Burgess v. Stinson, 207 Iowa 1, 222 N. W. 362. There it is said, reading on page 2:

"In view of this existing indebtedness of the insolvent husband at the time of his conveyance to his wife, the burden rests upon her to sustain her title by showing: (1) A valuable and fair consideration; or (2) that the husband had sufficient property remaining to pay his then existing debts."

But before that pronouncement was made in the Burgess case, the court had previously announced that under the record there involved, the consideration named in the deed was merely $1.00. The appellant in the case at bar contends that the record in the Burgess case presented a deed naming the consideration as "$1.00 and other valuable consideration". After studying the record in the Burgess case, however, this court there found that the deed, for some reason, showed a consideration of $1.00 only. So what was afterward said in the Burgess case concerning the burden of proof had relation to a deed which had been found to purport, in effect, no consideration. Because the deed purported to be without consideration, the rule relating to the burden of proof was then announced in the Burgess case. When thus interpreted, it is apparent that the Burgess case is not in conflict with the other decisions above set forth. Whether, in any event, the statutory presumption of a consideration (see section 9440 of the 1931 Code) in favor of a written instrument, not affirmatively setting forth a consideration, would affect the burden of proof in cases of this kind, we do

not now decide nor suggest. That question is not involved. Under the record in the case at bar, it is obvious that the district court was correct in holding that the appellant had not met its burden of proving that the conveyance from John F. Currier to his wife, Rilla Currier, was without consideration or in bad faith.

At this juncture, the appellant further argues that it has shown an inadequate consideration for at least part of the conveyance. In other words, the appellant contends that while the deed may purport a consideration, it does not purport a full and adequate consideration. Hence, the appellant concludes that Rilla Currier could equitably take only part of the land conveyed. As to the balance of the land, the appellant argues that the conveyance would be fraudulent because the consideration is not full and adequate. This court, in the case of Long v. Garey Investment Co., 135 Iowa 398, local citation 403, 112 N. W. 550, said:

" * * * Where a partial consideration is paid, if the difference between the price paid and the actual value of the property is apparent, the conveyance will be regarded as voluntary to the extent of that difference. * * * In other words, in such cases the burden of proof is upon the grantee to establish facts which will repel the presumption of fraud and to show the deed to have been for a valuable consideration." To the same effect, see Baldwin v. Tuttle, 23 Iowa 66.

When the record in the case at bar is considered, however, it clearly appears that, as before indicated, the appellant has not shown an inadequate consideration in whole or in part. The appellant as a matter of fact has not proven that the consideration for the conveyance from John F. Currier to his wife, Rilla Currier, is anything other than that named in the deed. That instrument purports a consideration, not in part, but in full. No evidence has been offered by the appellant to overcome the force of the deed in that respect. Therefore, under the authorities above cited, the appellant has failed to carry its burden of proving that the conveyance was without partial consideration, and accordingly actually fraudulent to that extent. This controversy, as many times suggested, involves an alleged fraud in the conveyance from John F. Currier to his wife Rilla, but it does not involve an alleged fraud in the conveyance to Currier before he conveyed to his wife. Such an issue is not presented.

To avoid confusion, therefore, and in order to further elucidate, we suggest that a different rule of law would be presented if the case involved a conveyance from a fraudulent grantee to an alleged innocent purchaser. See Long v. Garey Investment Co., supra, local citation 403; Rush v. Mitchell, 71 Iowa 333, 32 N. W. 367; Dolan v. Newberry, 200 Iowa 511, local citation 514, 202 N. W. 545, 205 N. W. 205; Reining v. Nevison, 203 Iowa 995, local citation 1000, 213 N. W. 609.

So, after eliminating the questions relating to a conveyance by a fraudulent grantee, and considering the record in the case at bar involving a conveyance by a bona fide holder of real estate, and the law applicable thereto, as above set forth, it is manifest that the district court properly held that the appellant, although having the burden so to do, did not prove fraud on the theory that the consideration for the conveyance from John F. Currier to his wife, Rilla, was only partial, as distinguished from full.

II. Assuming, for the purposes of argument, that there was no proof of actual fraud, the appellant nevertheless asserts that there was a showing of constructive fraud. It is claimed by the appellant that the constructive fraud arises because the conveyance was made by John F. Currier to his wife, Rilla: First, when the grantor was insolvent; and, second, as a mere voluntary transaction without any consideration supporting it. Therefore, the appellant maintains that the burden of proof rested upon the appellees to show that her husband, the grantor, had sufficient property remaining to pay his outstanding indebtedness. If, as a matter of fact, the transaction is voluntary and without consideration, the burden of proof then falls upon the wife, as the grantee, to show that her husband, the grantor, had sufficient property remaining to pay his outstanding indebtedness. Campbell v. Campbell, 129 Iowa 317, 105 N. W. 583; Woods v. Allen, 109 Iowa 484, 80 N. W. 540; Long v. Investment Co., supra; Kolb v. Mall, 187 Iowa 193, 174 N. W. 226; Buell v. Waite, 200 Iowa 1020, 205 N. W. 974; Hansen v. Richter, 208 Iowa 179, 225 N. W. 361. In Buell v. Waite, supra, we said:

"A voluntary conveyance is constructively fraudulent as to existing creditors, unless the grantor had sufficient remaining property to satisfy his creditors; and the burden is on the grantee to establish that his remaining property was sufficient for that purpose."

But in the case at bar the appellant has not shown that the conveyance from John F. Currier to his wife, Rilla, was voluntary. According to the record, the deed purports a consideration and that showing in no way has been overcome by the appellant's evidence. Tirrill v. Miller, supra. See other cases above cited. The burden was upon the appellant to prove that the conveyance was voluntary, and this it has not done. Stephenson v. Cook, 64 Iowa 265, 20 N. W. 182, supra. See other cases above cited.

"A conveyance which purports to be made for a valuable consideration is not of itself, presumptively, a gift." Stephenson v. Cook, supra.

So, according to the authorities above cited, there is no presumption that the conveyance from John F. Currier to his wife, Rilla, was voluntary, and therefore a mere gift. This being true, there is no duty upon the appellees at this juncture to go forward with the proof. Constructive fraud, therefore, has not been shown in this transaction.

Wherefore, because the appellant has not proven either actual or constructive fraud, the judgment of the district court must be, and hereby is, affirmed.—Affirmed.

MITCHELL, C. J., and EVANS, STEVENS, ANDERSON, KINTZINGER, ALBERT, and DONEGAN, JJ., concur.